## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| MARINE INNOVATIONS WARRANTY CORPORATION, | Civil No. 03-4646 (JRT/FLN) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| AMERICAN MARINE HOLDINGS, INC., d/b/a Donzi Marine and d/b/a Pro-Line Boats, | |
| Defendant. | |

Cheryl A. Stanton and George R. Serdar, **MESSERLI & KRAMER**, 1800 Fifth Street Towers, 150 South Fifth Street, Minneapolis, MN 55402-4246, for plaintiff.

William L. Killion, **FAEGRE & BENSON LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402-3901, for defendant.

Plaintiff Marine Innovations Warranty Corporation ("Marine Innovations") administers warranty programs for various boat manufacturers. Defendant American Marine Holdings, Inc. ("AMH") manufacturers and sells boats. Marine Innovations alleges that it entered into an oral agreement with AMH in which Marine Innovations would administer a warranty program on boats and engines manufactured and sold by AMH and that AMH breached the contract.[1] Marine Innovations seeks over $2 million in unpaid warranty premiums as damages and a declaratory judgment that it is not liable for

---

[1] Marine Innovations also brought a claim for promissory estoppel, but that claim was voluntarily dismissed at the hearing after AMH conceded that there was a bilateral contract between the parties.

certain warranty claims on AMH products.  The Court denied AMH's motion to dismiss this action on February 4, 2004.  AMH now seeks summary judgment on Marine Innovations's breach of contract claim and its claim for declaratory relief.  For the following reasons, the Court denies AMH's motion.

Marine Innovations alleges that in June 1999 it entered into an oral agreement with AMH to provide a "factory warranty program" for AMH's entire Donzi and Pro-Line boat lines.  Pursuant to this agreement, Marine Innovations would administer all aspects of the warranty program, including printing warranty booklets that are given to retail customers at the time of delivery, issuing warranty cards to customers once they buy the boat, and administering any claim that a boat owner may have.  According to Marine Innovations, the warranty coverage would become effective on the date the boat was tendered to the purchaser from the dealer.  At that time, the dealer would fill out a warranty registration card and send it to AMH.  AMH would then forward information about the sold boat and engine and the new owner to Marine Innovations and Marine Innovations would send AMH an invoice for the warranty premium.  On August 16, 1999, AMH sent Marine Innovations its first list of boats that had been sold and qualified for the factory program.  For the next year and a half, AMH sent Marine Innovations lists of boats that had been purchased by retail customers and Marine Innovations, in turn, issued invoices to AMH for warranty premiums.

In March 2001, AMH stopped paying the invoices sent by Marine Innovations. According to Marine Innovations, when it contacted AMH about the unpaid invoices, it was told repeatedly that AMH would pay the invoices, but that it needed more time.  This

continued for two years.  In the spring 2003, Marine Innovations sent AMH a summary of its outstanding invoices totaling $2,539,686.36.  In August 2003, Marine Innovations filed suit alleging breach of contract and promissory estoppel.

AMH concedes that it had an oral contract with Marine Innovations in which AMH would make premium payments for all the boats and engines it sold to retail customers and Marine Innovations would provide warranty coverage for all those products.  AMH asserts, however, that in approximately March 2001 the parties amended their agreement to require Marine Innovations to provide warranty coverage only for the boats and engines for which AMH made premium payments.  Therefore, AMH argues, it was no longer obligated to make premium payments on all of the boats and engines it sold and Marine Innovations is not entitled to damages for the unpaid premiums.

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  What the original terms were of the oral contract, whether that contract was rescinded or modified, and what the terms of the alleged modified agreement are, all contain genuine issues of material fact. *Co Rect Prods., Inc. v. Contract Design, Inc.,* 1995 WL 130587 (Minn. Ct. App. Mar. 28, 1995) ("When the terms of an oral contract are disputed, its construction is a question of fact.")  As such, these issues are not proper for summary judgment.  This is also true for plaintiff's claim for declaratory judgment.  This issue also depends on the outcome of the factual issues still prevalent in this case.  Therefore, the Court denies AMH's motion for summary judgment in its entirety.

This case will be placed on the Court's next available trial calendar.

## ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment [Doc. No. 31] is **DENIED**.

DATED:   July 5, 2005                        _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                        United States District Judge